UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BACHITAR SINGH,                          )
                                         )
        Petitioner,                      )        Civil Action No. 4:26-CV-00344-CHB
                                         )
v.                                       )
                                         )        **ORDER DISMISSING CASE**
COLONEL ART MAGLINGER,                   )
Daviess County Jailer, *et al.*,         )
                                         )
        Respondents.                     )

**\*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court on the Respondents' Status Report. [R. 25]. The Court previously ordered Respondents to consider the impact of the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F. 4th 713 (6th Cir. 2026). [R. 18]. The Court further ordered that, to the extent the present matter raises only a legal question of whether § 1225(b)(2)(A) or § 1226(a) governs the petitioner's detention and whether continued detention without a bond hearing violates due process, the Respondents must immediately release Petitioner or, in the alternative, provide Petitioner with a bond hearing before a neutral Immigration Judge under 8 U.S.C. § 1226(a). *Id.* Respondents now advise that Petitioner has been provided a bond hearing, bond was denied, and they do not identify any other unresolved legal issues. [R. 25].

While Petitioner has received a bond hearing, Petitioner specifically argued that a bond hearing alone without immediate release would be insufficient because of alleged institutional issues with immigration judges' neutrality. *See* [R. 17, pp. 11–13]. Pursuant to the Court's order, [R. 26], Respondents responded to this argument, [R. 27], and Petitioner replied, [R. 28]. Petitioner does not allege any specific facts as to why the immigration judge who conducted the

- 1 -

bond hearing lacked neutrality. *See* [R. 17, pp. 11–13]. Instead, Petitioner's argument broadly challenges the neutrality of all immigration judges on an institutional basis. *See id.*

The Court finds that there is insufficient evidence to determine that the immigration judge conducting Petitioner's bond hearing was not neutral. First, while this issue was not squarely before the Sixth Circuit, providing the petitioner with a bond hearing was the remedy clearly contemplated by the *Lopez-Campos* court. 175 F.4th at 735 ("Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings."). Further, the district courts that have confronted this issue have routinely rejected broad allegations attacking the institutional neutrality of immigration judges without a specific showing of bias of the individual immigration judge at issue. *See, e.g.*, *Zhakuov v. Noem*, No. 3:26-CV-00288-RBM-DDL, 2026 WL 517981, at *4 (S.D. Cal. Feb. 25, 2026); *Sakwe v. Casey*, No. 26-CV-02159-BAS-MMP, 2026 WL 1179870, at *1 (S.D. Cal. Apr. 30, 2026); *Gutierrez-Valtierra v. Bondi*, No. 26-CV-01343-BAS-VET, 2026 WL 810066, at *1 (S.D. Cal. Mar. 24, 2026); *Aguilar Gonzalez v. Maples*, No. 4:26-CV-00022-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (examining exhaustion factors, the court stated that "[c]ertainly, the Court must be concerned about allegations of biased institutions. . . . but the Court finds that institutional bias cannot be wholesale assumed"); *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304, at *5 (D. Neb. Feb. 18, 2026) ("The Court cannot assume, based on the bureaucratic structure of the immigration courts, that they're inherently biased. And the petitioner has pointed to nothing about the bond hearing in this case . . . suggesting that the immigration judge's decision wasn't made on the merits." (citation omitted)).

The Court finds that there is insufficient evidence on this record to find that all immigration judges lack the requisite neutrality to comport with due process. On the contrary, immigration

judges in other cases before this Court have previously granted bond. *See, e.g.*, *Montes De Oca v. Maglinger*, 4:26-CV-00282, at [R. 15] (W.D. Ky. May 20, 2026); *Lucero v. Lewis*, 4:26-CV-00306, at [R. 19] (W.D. Ky. May 20, 2026). Without any specific evidence showing a lack of neutrality of the immigration judge who conducted Petitioner's bond hearing, Petitioner has not demonstrated entitlement to anything more than the bond hearing of which Petitioner received. Further Petitioner has pointed to no circumstances or evidence during the bond hearing that reflects bias, and the Court's review of the immigration judge's order following the bond proceeding likewise reveals no issues of bias or a lack of neutrality. The Court therefore concludes that Petitioner has been provided the process due under the Immigration Nationality Act and the Fifth Amendment's Due Process Clause. To the extent Petitioner disagrees with the Immigration Judge's discretionary bond decision, the Court lacks jurisdiction to consider that issue under 8 U.S.C. § 1226(e). *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

Accordingly, the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

1. Petitioner's Amended Petition for Writ of Habeas Corpus, [**R. 17**], and Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief, [**R. 3**], are **DENIED as moot**.

2. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

3. A separate judgment shall be entered.

This the 8th day of July, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY